No. 58.—CURTIS LEWIS, plaintiff in error, *vs.* ROBERT ALLEN and WM. V. LEAK, defendants in error.

[1.] In a suit by a person standing in the shoes of a partner, against the co-partner, the admissions of the partner are not evidence in favor of the plaintiff.

In Equity, in Pike Superior Court. Tried before Judge STARKE, October Term, 1854.

Curtis Lewis filed a bill against Leak and Allen, as partners, to reach the partnership assets of the firm. Defendants filed separate answers. On the trial, the Judge charged the Jury —that the answer of Leak was not evidence against Allen, to increase in Allen's hands the amount of assets claimed to be the effects of Leak and Allen.

This decision is assigned as error.

McCUNE; ALFORD & MOORE; A. R. MOORE, for plaintiff in error.

FLOYD & BORDERS; POE; GREEN, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Lewis says that he owes Allen; that Leak owes him; that Leak is insolvent; that Allen owes the partners, Leak and Allen, so much, that on a settlement of the partnership, Allen would be found to owe Leak a large balance; and Lewis prays that this balance may be applied to the payment of what Leak owes him, so that he may with it pay what he owes Allen. This is the bill.

Leak, in his answer, admits this, in substance, to be true. But Allen, in his answer, does not.

Lewis insists that this admission of Leak binds Allen.

The Court below held, that the admission did not bind Allen.

The question is, was that decision right?

Lewis, of himself, has no right, of any sort, against Allen. Whatever right he has against Allen, is such as he has by virtue of his right against Leak, and Leak's right against Allen. Lewis, in bringing the bill, has to stand in the shoes of Leak.

The question, then, whether this admission of Leak's binds Allen, is the same as it would be, if Leak stood in his own shoes—is the same as it would be if the suit was by Leak against Allen.

Suppose, then, the suit to have been by Leak against Allen, instead of being, as it is, by Lewis against Allen, could an admission, by Leak, that Allen was indebted to him, Leak, be received as evidence against Allen? most certainly not. *Admission* is not the word for such a thing—claim—adverse claim, is the word. Leak *claims* that Allen owes him a debt —not admits that Allen owes him one. This is the appropriate language. Is such a claim to prove itself, because made by one partner on another?

It is certainly true, as a general rule, that the admission of one partner binds the other. But this is so only in cases in which the admission is against the interest of the partner making it, as well as against that of the other partner. In no case does the admission, so to speak, of one partner, which is favorable to himself and adverse to his co-partner, bind the co-partner. To make such an admission bind the co-partner, would be to introduce a rule that could not work "both ways," without its effects cancelling each other. If, in a case between partners themselves, the admission of one binds the other, of course the admission of the other must bind him. In such a case, the result would be a war of admissions between the partners ; and the last admission would be the victor.

[1.] And what are the admissions in this case ? Leak admits a state of things that makes Allen his, Leak's, debtor— not a state of things that makes Leak and Allen Lewis's debtor. This admission operates altogether in favor of Leak—altogether against Allen ; and it is made in a case which is the same as if it were between Leak and Allen. Such an admission cannot bind Allen. And in so deciding, we think the Court below decided right.

With this opinion there is nothing inconsistent, in *Clayton vs. Thompson & Reeves*, (13 *Ga. R.* 206.)

In that case, Clayton did not claim through Reeves, the

partner of Thompson. He did not stand in the shoes of Reeves, as against Thompson and Reeves. He claimed by an independent title of his own, and claimed against the *partner-ship* of Thompson and Reeves. In such a case, any admission of the claim by Reeves, would be an admission against the interest of Reeves; and one, therefore, which would not only bind him, but bind his co-partner, Thompson.

So the judgment of the Court below ought to be affirmed.